UNITED STATES DISTRICT COURT DISTRICT OF NORTH DAKOTA

DESTINY BUIE,

Plaintiff,                                                Case No.:

v.

TRANSUNION, LLC,

EQUIFAX INFORMATION SERVICES, LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.,

MIDLAND CREDIT MANAGEMENT, INC.,

CAPITAL ONE, N.A.,

PORTFOLIO RECOVERY ASSOCIATES, LLC,

CREDIT COLLECTION SERVICES,

ST CLOUD FINANCIAL CREDIT UNION,

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Destiny Buie brings this action against Defendants TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff further brings this action against Defendants Midland Credit Management, Inc., Capital One, N.A., Portfolio Recovery Associates, LLC, Credit Collection Services, and St Cloud Financial Credit Union for violations of the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), arising from their furnishing of inaccurate, incomplete, misleading, and unverifiable information to consumer reporting agencies after receiving notice of Plaintiff's disputes. Plaintiff additionally brings claims against Defendants Midland Credit Management, Inc., Portfolio Recovery Associates, LLC, and Credit Collection Services for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from their collection activities, furnishing of disputed information, communication of inaccurate credit information, and continued reporting and collection of disputed debts.

## PRELIMINARY STATEMENT

1. This action arises from Defendants' willful and negligent failure to investigate, correct, delete, and stop reporting inaccurate, incomplete, misleading, and unverifiable information appearing on Plaintiff's consumer credit reports.

2. Plaintiff reviewed her consumer credit reports and discovered multiple inaccurate and inconsistent accounts being published by TransUnion, Equifax, and Experian.

3. The disputed reporting included inaccurate balances, inconsistent dates opened, inconsistent dates last active, inconsistent dates of last payment, inconsistent high credit amounts, contradictory account statuses, inaccurate past due amounts, incomplete

payment history, collection accounts being reported with payment history, and accounts being reported differently across the three credit bureaus.

4. Plaintiff disputed the inaccurate reporting with the consumer reporting agencies and requested that the inaccurate and unverifiable information be investigated, corrected, deleted, or blocked.

5. Upon information and belief, TransUnion, Equifax, and Experian sent notice of Plaintiff's disputes to the furnishing Defendants through Automated Consumer Dispute Verification procedures and other dispute notification methods.

6. Despite receiving notice of Plaintiff's disputes, the furnishing Defendants failed to conduct reasonable investigations, failed to review all relevant information, failed to correct inaccurate reporting, and continued furnishing inaccurate, incomplete, misleading, and unverifiable information to the consumer reporting agencies.

7. Despite Plaintiff's disputes, TransUnion, Equifax, and Experian continued publishing inaccurate and misleading information on Plaintiff's consumer reports.

8. As a result of Defendants' conduct, Plaintiff suffered harm to creditworthiness, loss of credit opportunities, emotional distress, frustration, embarrassment, anxiety, loss of time, and other actual damages.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

10. This Court also has jurisdiction under 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d).

11. Plaintiff Destiny Buie is a natural person and consumer who resides in West Fargo, North Dakota.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, the inaccurate consumer reports were published concerning Plaintiff in this District, Plaintiff received communications and suffered harm in this District, and a substantial part of the events and omissions giving rise to these claims occurred in this District.

## PARTIES

13. Plaintiff Destiny Buie is a consumer as defined by the FCRA and FDCPA.

14. Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

15. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

16. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

17. Defendant Midland Credit Management, Inc. is a furnisher of information under the FCRA and a debt collector under the FDCPA.

18. Defendant Capital One, N.A., is a furnisher of information under the FCRA.

19. Defendant Portfolio Recovery Associates, LLC is a furnisher of information under the FCRA and a debt collector under the FDCPA.

20. Defendant Credit Collection Services is a furnisher of information under the FCRA and a debt collector under the FDCPA.

21. Defendant St Cloud Financial Credit Union is a furnisher of information under the FCRA.

## FACTUAL ALLEGATIONS

22. Plaintiff obtained credit reports dated April 1, 2026.

23. The report showed that TransUnion reported Plaintiff's credit score as 610, Experian reported Plaintiff's credit score as 616, and Equifax reported Plaintiff's credit score as 571.

24. Plaintiff's personal information was also reported inconsistently across the bureaus, including different versions of Plaintiff's name, address formatting, former names, date of birth reporting, and employer information.

25. Plaintiff disputed inaccurate accounts appearing on her consumer reports, including accounts reported by Midland Credit Management, Inc., Capital One, N.A., Portfolio Recovery Associates, LLC, Credit Collection Services, and St Cloud Financial Credit Union. Plaintiff submitted disputes to Defendant TransUnion, LLC, Defendant Equifax Information Services, LLC, and Defendant Experian Information Solutions, Inc. on or about October 21, 2025, December 11, 2025, December 22, 2025, and February 6, 2026, notifying the consumer reporting agencies that the information being reported was inaccurate, incomplete, misleading, inconsistent, and unverifiable and requesting that the disputed information be investigated, corrected, deleted, or blocked.

26. Plaintiff disputed the accounts because they contained inaccurate, inconsistent, incomplete, misleading, and unverifiable information.

27. The Midland Credit Management account was reported inconsistently across the bureaus.

28. Midland reported an account associated with The Bank of Missouri with an account number ending in 33147.

29. TransUnion and Experian reported the Midland account as a collection account, but Equifax either failed to report the same information consistently or reported the account in a materially different manner.

30. The Midland account showed inconsistent dates opened, with TransUnion reporting January 28, 2025, and Experian reporting January 1, 2025.

31. The Midland account showed a balance of $1,867, but the reported high credit was $1,573, creating an inconsistency between the alleged balance and the reported amount used as the high credit or original amount.

32. The Midland account reported different dates last active, with TransUnion reporting March 27, 2026, and Experian reporting January 1, 2025.

33. The Midland account was reported as a collection or charge-off even though the reporting contained inconsistent account dates, inconsistent activity dates, and incomplete verification information.

34. The Midland reporting was inaccurate or misleading because the same account appeared with different reporting formats, different activity dates, and different disputed comments across the bureaus.

35. Midland continued furnishing the disputed account after the plaintiff disputed the reporting.

36. TransUnion, Experian, and Equifax failed to conduct a reasonable reinvestigation of the Midland account and failed to delete or correct the inaccurate and unverifiable information.

37. Capital One reported multiple derogatory credit card accounts on Plaintiff's consumer reports.

38. One Capital One account ending 51780584 was reported by TransUnion, Experian, and Equifax with a balance of $221 and a past due amount of $221.

39. The Capital One account ending 51780584 showed inconsistent dates opened, with TransUnion reporting May 5, 2023, and Experian and Equifax reporting May 1, 2023.

40. The same Capital One account showed inconsistent high credit amounts, with TransUnion reporting $405, Experian reporting $0, and Equifax reporting $221.

41. The same Capital One account showed inconsistent credit limits, with TransUnion and Experian reporting $200 and Equifax reporting $0.

42. The same Capital One account showed inconsistent dates last active, with TransUnion reporting September 27, 2024, Experian reporting December 1, 2024, and Equifax reporting July 1, 2024.

43. The same Capital One account showed inconsistent dates of last payment, with TransUnion and Experian reporting May 22, 2024, and Equifax reporting July 1, 2024.

44. The Capital One comments were also inconsistent because one bureau reported the account as charged off as bad debt, another reported the dispute resolved by the grantor, and another reported the account as in dispute but now resolved.

45. A second Capital One account ending 51780588 was also reported by TransUnion, Experian, and Equifax with a balance of $510 and a past due amount of $510.

46. The Capital One account ending 51780588 showed inconsistent dates opened, with TransUnion reporting October 27, 2020, and Experian and Equifax reporting October 1, 2020.

47. The same Capital One account showed inconsistent high credit amounts, with TransUnion reporting $510, Experian reporting $0, and Equifax reporting $510.

48. The same Capital One account showed inconsistent credit limits, with TransUnion and Experian reporting $300 and Equifax reporting $0.

49. The same Capital One account showed inconsistent dates last active, with TransUnion reporting October 27, 2020, Experian reporting January 1, 2025, and Equifax reporting August 1, 2024.

50. The same Capital One account showed inconsistent dates of last payment, with TransUnion and Experian reporting January 3, 2025, and Equifax reporting August 1, 2024.

51. Capital One continued furnishing the disputed accounts after the plaintiff disputed the reporting.

52. TransUnion, Experian, and Equifax failed to conduct reasonable reinvestigations of the Capital One accounts and failed to delete or correct the inaccurate and unverifiable information.

53. Portfolio Recovery Associates reported an account connected to Credit One Bank with an account number ending 7031002460.

54. Portfolio reported the account as a collection account, but the account was also reported with open account characteristics and late payment status, which is inaccurate and misleading for a collection account.

55. Portfolio reported the account with a balance of $637, high credit of $637, credit limit of $0, past due amount of $637, and payment status of Late 120 Days.

56. The Portfolio account was misleading because a collection account should not be reported in a manner that creates the appearance of an open credit account with a monthly delinquency payment history.

57. The Portfolio account was also reported with inconsistent disputed comments, including consumer disputes after resolution, and a collection account.

58. The Portfolio reporting was inaccurate, incomplete, and misleading because it reflected payment history and delinquency status on a collection account while also reporting the account as derogatory and disputed.

59. Portfolio continued furnishing the disputed account after the plaintiff disputed the reporting.

60. TransUnion, Experian, and Equifax failed to conduct reasonable reinvestigations of the Portfolio account and failed to delete or correct the inaccurate and unverifiable information.

61. Credit Collection Services reported or attempted to collect an account connected to Sparklight, also known as Cable.

62. The Credit Collection Services account was reported with the account number ending 1233.

63. The account showed inconsistent dates opened, with one bureau reporting August 28, 2024, and another reporting August 1, 2024.

64. The account showed inconsistent dates last active, with one bureau reporting March 24, 2026, and another reporting March 1, 2026.

65. The account showed inconsistent last reported dates, with one bureau reporting March 24, 2026, and another reporting March 1, 2026.

66. The account comments were inconsistent, including statements that the account was disputed, that the consumer disputes the information, and that the subject has not satisfied the debt.

67. Credit Collection Services continued collection or furnishing activity after the plaintiff disputed the account.

68. TransUnion, Experian, and Equifax failed to conduct reasonable reinvestigations of the Credit Collection Services account and failed to delete or correct the inaccurate and unverifiable information.

69. St Cloud Financial Credit Union reported an auto loan account ending 475040L across TransUnion, Experian, and Equifax.

70. The St Cloud account was reported as a derogatory installment auto loan by all three bureaus, but the details were materially inconsistent across the reports.

71. The St Cloud account showed inconsistent dates opened, with TransUnion reporting December 20, 2019, and Experian and Equifax reporting December 1, 2019.

72. The St Cloud account showed inconsistent balances, with TransUnion reporting $8,263 and Experian and Equifax reporting $8,361.

73. The St Cloud account showed inconsistent past due amounts, with TransUnion reporting $8,263 and Experian and Equifax reporting $8,361.

74. The St Cloud account showed inconsistent high credit amounts, with TransUnion and Experian reporting $11,345 and Equifax reporting $4,955.

75. The St Cloud account showed inconsistent last reported dates, with TransUnion reporting January 31, 2026, Experian reporting March 31, 2026, and Equifax reporting March 1, 2026.

76. The St Cloud account showed inconsistent dates last active, with TransUnion reporting January 31, 2026, Experian reporting September 1, 2024, and Equifax reporting January 1, 2021.

77. The St Cloud account showed inconsistent dates of last payment, with TransUnion and Experian reporting January 25, 2022, and Equifax reporting January 1, 2021.

78. The St Cloud account contained inconsistent and contradictory comments, including charged off as bad debt, profit and loss write off, merchandise was taken back by the credit grantor, unpaid balance reported as a loss, charged off account, and auto.

79. The St Cloud reporting was inaccurate and misleading because the same account cannot reasonably have different balances, different past due amounts, different high credit amounts, different activity dates, different last payment dates, and different reporting dates across the bureaus while still being verified as accurate.

80. St Cloud Financial Credit Union continued furnishing the disputed account after the plaintiff disputed the reporting.

81. TransUnion, Experian, and Equifax failed to conduct reasonable reinvestigations of the St Cloud account and failed to delete or correct the inaccurate and unverifiable information.

82. Defendant TransUnion, LLC failed to review and compare the disputed information appearing in Plaintiff's consumer file and failed to recognize that the accounts reported by Defendant Midland Credit Management, Inc., Defendant Capital One, N.A., Defendant Portfolio Recovery Associates, LLC, Defendant Credit Collection Services, and Defendant St Cloud Financial Credit Union contained materially inconsistent balances, dates opened, dates of last activity, dates of last payment, high credit amounts, credit limits, account comments, and account statuses.

83. Defendant Equifax Information Services, LLC failed to review and compare the disputed information appearing in Plaintiff's consumer file and failed to recognize that the accounts reported by Defendant Midland Credit Management, Inc., Defendant Capital One, N.A., Defendant Portfolio Recovery Associates, LLC, Defendant Credit Collection Services, and Defendant St Cloud Financial Credit Union contained materially inconsistent balances, dates opened, dates of last activity, dates of last payment, high credit amounts, credit limits, account comments, and account statuses.

84. Defendant Experian Information Solutions, Inc. failed to review and compare the disputed information appearing in Plaintiff's consumer file and failed to recognize that the accounts reported by Defendant Midland Credit Management, Inc., Defendant Capital One, N.A., Defendant Portfolio Recovery Associates, LLC, Defendant Credit Collection Services, and Defendant St Cloud Financial Credit Union contained materially inconsistent balances, dates opened, dates of last activity, dates of last payment, high credit amounts, credit limits, account comments, and account statuses.

85. Defendant TransUnion, LLC, Defendant Equifax Information Services, LLC, and Defendant Experian Information Solutions, Inc. each failed to conduct reasonable reinvestigations after receiving Plaintiff's disputes and instead continued reporting information that was inaccurate, incomplete, misleading, internally inconsistent, contradictory, and unverifiable.

86. Upon information and belief, Defendant Midland Credit Management, Inc., Defendant Capital One, N.A., Defendant Portfolio Recovery Associates, LLC, Defendant Credit Collection Services, and Defendant St Cloud Financial Credit Union received notice of Plaintiff's disputes from Defendant TransUnion, LLC, Defendant Equifax Information

Services, LLC, and Defendant Experian Information Solutions, Inc. through Automated Consumer Dispute Verification procedures and other dispute notification methods.

87. Despite receiving notice of Plaintiff's disputes, Defendant Midland Credit Management, Inc. failed to conduct a reasonable investigation of the disputed Midland account, failed to correct inconsistent dates and account information, and continued furnishing inaccurate information to consumer reporting agencies.

88. Despite receiving notice of Plaintiff's disputes, Defendant Capital One, N.A. failed to conduct a reasonable investigation of the disputed Capital One accounts, failed to reconcile inconsistent dates, high credit amounts, credit limits, account comments, and payment information, and continued furnishing inaccurate information to consumer reporting agencies.

89. Despite receiving notice of Plaintiff's disputes, Defendant Portfolio Recovery Associates, LLC failed to conduct a reasonable investigation of the disputed Portfolio account, failed to reconcile contradictory collection account reporting and payment history reporting, and continued furnishing inaccurate information to consumer reporting agencies.

90. Despite receiving notice of Plaintiff's disputes, Defendant Credit Collection Services failed to conduct a reasonable investigation of the disputed account, failed to reconcile inconsistent account dates and comments, and continued furnishing inaccurate information to consumer reporting agencies.

91. Despite receiving notice of Plaintiff's disputes, Defendant St Cloud Financial Credit Union failed to conduct a reasonable investigation of the disputed automobile loan account, failed to reconcile materially inconsistent balances, past due amounts, high

credit amounts, activity dates, payment dates, reporting dates, and account comments, and continued furnishing inaccurate information to consumer reporting agencies.

92. As a direct and proximate result of the conduct of Defendant TransUnion, LLC, Defendant Equifax Information Services, LLC, Defendant Experian Information Solutions, Inc., Defendant Midland Credit Management, Inc., Defendant Capital One, N.A., Defendant Portfolio Recovery Associates, LLC, Defendant Credit Collection Services, and Defendant St Cloud Financial Credit Union, Plaintiff suffered damage to her creditworthiness, damage to her reputation with potential creditors, denial of credit opportunities, denial of financing opportunities, increased borrowing costs, higher interest rates, loss of favorable credit terms, financial harm, emotional distress, anxiety, embarrassment, frustration, humiliation, stress, loss of sleep, loss of time, and other actual damages.

93. Plaintiff was denied multiple credit card applications, denied financing opportunities, denied loans, and was forced to obtain automobile financing at a substantially higher interest rate than she otherwise would have received had Defendants properly investigated, corrected, deleted, or blocked the disputed information.

94. Plaintiff incurred additional interest charges, finance charges, borrowing costs, and other out-of-pocket expenses as a direct result of Defendants' continued reporting and furnishing of inaccurate information.

95. Plaintiff spent substantial time reviewing consumer reports, gathering documentation, preparing disputes, mailing correspondence, communicating with consumer reporting agencies and furnishers, monitoring investigations, and attempting to correct the inaccurate reporting that Defendants continued to publish and furnish.

96. Plaintiff was forced to devote substantial time and effort to correcting the inaccurate reporting, including reviewing consumer reports, preparing disputes, gathering documentation, corresponding with consumer reporting agencies and furnishers, monitoring investigations, and pursuing legal remedies. Plaintiff would not have incurred this burden absent Defendants' conduct.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b) AND § 1681i AGAINST TRANSUNION, EQUIFAX, AND EXPERIAN**

97. Plaintiff realleges and incorporates paragraphs 1 through 96 as though fully set forth herein.

98. Defendants TransUnion, Equifax, and Experian are consumer reporting agencies under the FCRA.

99. TransUnion, Equifax, and Experian prepared, compiled, assembled, maintained, published, and communicated consumer reports concerning Plaintiff.

100.  Plaintiff disputed inaccurate, incomplete, misleading, and unverifiable information appearing on her consumer reports.

101.  The disputed reporting included inaccurate balances, inconsistent dates opened, inconsistent dates last active, inconsistent dates of last payment, inconsistent high credit amounts, inconsistent account statuses, contradictory comments, inaccurate payment history, and collection accounts being reported in a misleading manner.

102.  TransUnion, Equifax, and Experian failed to follow reasonable procedures to ensure the maximum possible accuracy of Plaintiff's consumer reports.

103.  TransUnion, Equifax, and Experian failed to conduct reasonable reinvestigations after receiving the Plaintiff's disputes.

104. TransUnion, Equifax, and Experian failed to delete, modify, or permanently block information that was inaccurate, incomplete, misleading, or unverifiable.

105. TransUnion, Equifax, and Experian verified disputed information without conducting reasonable investigations and without reviewing all relevant information.

106. Defendants TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. each verified disputed information despite the existence of materially conflicting balances, dates, payment histories, account comments, credit limits, high credit amounts, and account statuses appearing on Plaintiff's consumer reports. Such conflicting information demonstrates that Defendant TransUnion, LLC, Defendant Equifax Information Services, LLC, and Defendant Experian Information Solutions, Inc. failed to employ reasonable procedures to assure maximum possible accuracy as required by 15 U.S.C. § 1681e(b). The existence of contradictory information concerning the same tradelines further demonstrates that Defendant TransUnion, LLC, Defendant Equifax Information Services, LLC, and Defendant Experian Information Solutions, Inc. failed to conduct reasonable reinvestigations as required by 15 U.S.C. § 1681i.

107. As a direct and proximate result of these violations, Plaintiff suffered actual damages, including harm to creditworthiness, loss of credit opportunities, emotional distress, embarrassment, frustration, anxiety, loss of time, and financial harm.

108. The conduct of TransUnion, Equifax, and Experian was willful and negligent, entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and 1681o.

### COUNT - II VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b) AGAINST MIDLAND CREDIT MANAGEMENT, CAPITAL ONE, PORTFOLIO RECOVERY ASSOCIATES, CREDIT COLLECTION SERVICES, AND ST CLOUD FINANCIAL CREDIT UNION

109. Plaintiff realleges and incorporates paragraphs 1 through 108 as though fully set forth herein.

110. Plaintiff disputed inaccurate and misleading information with TransUnion, Equifax, and Experian.

111. Upon information and belief, TransUnion, Equifax, and Experian notified the furnishing Defendants of Plaintiff's disputes through ACDV procedures and other dispute notification methods.

112. After receiving notice of Plaintiff's disputes, the furnishing Defendants were required to conduct reasonable investigations, review all relevant information, report accurate results, and correct, delete, or permanently block inaccurate and unverifiable information.

113. Midland Credit Management failed to conduct a reasonable investigation of the disputed Midland account and continued furnishing inaccurate and misleading information.

114. Capital One failed to conduct reasonable investigations of the disputed Capital One accounts and continued furnishing inaccurate and misleading information.

115. Portfolio Recovery Associates failed to conduct a reasonable investigation of the disputed Portfolio account and continued furnishing inaccurate and misleading information.

116. Credit Collection Services failed to conduct a reasonable investigation of the disputed Credit Collection Services account and continued furnishing inaccurate and misleading information.

117. St Cloud Financial Credit Union failed to conduct a reasonable investigation of the disputed St Cloud account and continued furnishing inaccurate and misleading information.

118. Defendant Midland Credit Management, Inc. violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation, failing to review all relevant information, failing to reconcile inconsistencies in the reporting, failing to report accurate results of its investigation, and failing to modify, delete, or permanently block inaccurate and unverifiable information.

119. Defendant Capital One, N.A. violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation, failing to review all relevant information, failing to reconcile inconsistencies in the reporting, failing to report accurate results of its investigation, and failing to modify, delete, or permanently block inaccurate and unverifiable information.

120. Defendant Portfolio Recovery Associates, LLC violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation, failing to review all relevant information, failing to reconcile inconsistencies in the reporting, failing to report accurate results of its investigation, and failing to modify, delete, or permanently block inaccurate and unverifiable information.

121. Defendant Credit Collection Services violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation, failing to review all relevant information, failing to reconcile inconsistencies in the reporting, failing to report accurate results of its investigation, and failing to modify, delete, or permanently block inaccurate and unverifiable information.

122. Defendant St Cloud Financial Credit Union violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation, failing to review all relevant information, failing to reconcile inconsistencies in the reporting, failing to report accurate results of its investigation, and failing to modify, delete, or permanently block inaccurate and unverifiable information.

123. As a direct and proximate result of the conduct of Defendant Midland Credit Management, Inc., Defendant Capital One, N.A., Defendant Portfolio Recovery Associates, LLC, Defendant Credit Collection Services, and Defendant St Cloud Financial Credit Union, Plaintiff suffered actual damages including damage to creditworthiness, denial of credit opportunities, denial of financing opportunities, increased borrowing costs, emotional distress, frustration, embarrassment, loss of time, and financial harm.

124. The conduct of Defendant Midland Credit Management, Inc., Defendant Capital One, N.A., Defendant Portfolio Recovery Associates, LLC, Defendant Credit Collection Services, and Defendant St Cloud Financial Credit Union was willful and/or negligent, entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and 1681o.

125. Defendants TransUnion, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., Midland Credit Management, Inc., Capital One, N.A., Portfolio Recovery Associates, LLC, Credit Collection Services, and St Cloud Financial Credit Union acted willfully and in reckless disregard of their obligations under the Fair Credit Reporting Act by continuing to verify, publish, and furnish information that contained obvious inaccuracies, contradictions, inconsistencies, and unverifiable information after receiving notice of Plaintiff's disputes. Despite being presented with

disputes identifying specific inaccuracies, Defendants continued reporting the disputed information as accurate and failed to implement reasonable procedures designed to assure maximum possible accuracy.

## COUNT III - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq. AGAINST MIDLAND CREDIT MANAGEMENT, PORTFOLIO RECOVERY ASSOCIATES, AND CREDIT COLLECTION SERVICES

126. Plaintiff realleges and incorporates paragraphs 1 through 125 as though fully set forth herein.

127. Midland Credit Management, Portfolio Recovery Associates, and Credit Collection Services are debt collectors under 15 U.S.C. § 1692a(6).

128. These Defendants engaged in debt collection activity by collecting, attempting to collect, furnishing, or reporting alleged consumer debts.

129. These Defendants communicated or caused to be communicated credit information that was inaccurate, inconsistent, misleading, incomplete, or unverifiable.

130. These Defendants continued collection activity and credit reporting after Plaintiff disputed the alleged debts.

131. These Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the collection of alleged debts.

132. These Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, legal status, or accuracy of the alleged debts.

133. These Defendants violated 15 U.S.C. § 1692e(8) by communicating or causing to be communicated credit information that was disputed, false, or misleading.

134. These Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means in connection with the collection of the alleged debts.

135. These Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect alleged debts.

136. As a direct and proximate result of these violations, Plaintiff suffered emotional distress, anxiety, frustration, embarrassment, loss of time, harm to creditworthiness, financial harm, and other actual damages.

137. Plaintiff is entitled to actual damages, statutory damages, costs, and all other relief available under 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. Awarding actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o against Defendants TransUnion, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., Midland Credit Management, Inc., Capital One, N.A., Portfolio Recovery Associates, LLC, Credit Collection Services, and St Cloud Financial Credit Union;

B. Awarding statutory damages and punitive damages as permitted under the Fair Credit Reporting Act, including pursuant to 15 U.S.C. § 1681n, against Defendants TransUnion, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., Midland Credit Management, Inc., Capital One, N.A., Portfolio Recovery Associates, LLC, Credit Collection Services, and St Cloud Financial Credit Union;

C. Awarding damages for emotional distress, anxiety, humiliation, embarrassment, frustration, stress, loss of sleep, loss of time, financial harm, denial of credit

opportunities, denial of financing opportunities, increased borrowing costs, damage to reputation, damage to creditworthiness, and all other compensatory damages permitted by law;

D. Awarding actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants Midland Credit Management, Inc., Portfolio Recovery Associates, LLC, and Credit Collection Services for violations of the Fair Debt Collection Practices Act;

E. Awarding statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants Midland Credit Management, Inc., Portfolio Recovery Associates, LLC, and Credit Collection Services for violations of the Fair Debt Collection Practices Act;

F. Awarding Plaintiff the costs of this action, including filing fees, service costs, deposition costs, court costs, postage expenses, copying expenses, discovery expenses, and any other litigation expenses recoverable by law;

G. Ordering Defendants TransUnion, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., Midland Credit Management, Inc., Capital One, N.A., Portfolio Recovery Associates, LLC, Credit Collection Services, and St Cloud Financial Credit Union to permanently delete, correct, suppress, or otherwise remove all inaccurate, misleading, incomplete, contradictory, and unverifiable information concerning Plaintiff from all consumer reports and consumer reporting databases;

H. Awarding pre-judgment interest and post-judgment interest as allowed by law;

I. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all triable issues.

Dated the 4th day of June, 2026.

Respectfully submitted,

Destiny Buie

240 9 1/2 Ave W Unit 45

West Fargo, ND 58078

Phone: 763-898-9010

Email: destinybuie99@yahoo.com

Plaintiff Pro Se